UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANTELLA ROCKETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-836 (CEJ) |
| ) | |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to reverse and remand the decision of the Administrative Law Judge (ALJ), pursuant to 42 U.S.C. § 405(g). Plaintiff opposes defendant's motion.

### I. Background

On June 22, 2008, plaintiff filed an application for disability and supplemental income under Title XVI of the Social Security Act. (Tr. 8). Plaintiff claimed disability due to a bipolar disorder characterized by constant paranoia, weekly crying spells, and frequent panic attacks. (Tr. 9). Plaintiff's initial application was denied by the Social Security Administration on the grounds that plaintiff was not under "disability" as defined by the Social Security Act. (Tr. 9). Plaintiff requested a hearing with an Administrative Law Judge (ALJ). (Tr. 8). The ALJ held a hearing on December 10, 2008. (Tr. 15). On January 21, 2009, the ALJ found that the plaintiff was not disabled. (Tr. 8-14). On April 5, 2010, the Appeals Council of the Social Security Administration denied plaintiff's request for review. (Tr. 1-4). Accordingly, the decision of the ALJ stands as the final decision of the Commissioner.

Defendant moves to reverse the decision of the ALJ and remand this action to the defendant pursuant to 42 U.S.C. § 405(g). Defendant states that the Appeals Council has already determined that remand is appropriate in this case. If remand is granted, the Appeals Council will remand this case to the ALJ with instructions to evaluate whether plaintiff's experience as a bus driver meets the substantial gainful activity requirement.

II. Discussion

Ordinarily, if the Commissioner's denial of benefits was improper, the district court will remand the case for additional proceedings out of "abundant deference to the ALJ". Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir.2000). Reversal and an award of benefits is appropriate only if the record "overwhelmingly supports" a finding of disability. Id. In that instance, "further proceedings would serve no useful purpose," Olson v. Shalala, 48 F.3d 321, 323 (8th Cir.1995), and "remand would merely delay the receipt of benefits to which plaintiff is entitled." Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir.1992). A court will refrain from awarding benefits if the administrative record has not been fully developed. Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir.1984); Ross v. Apfel, 999 F.Supp. 1449, 1451 (D .Kan.1998); McCann v. Apfel, 152 F.Supp.2d 761, 764-65 (E.D.Pa.2001); Justice v. Barnhart, 431 F.Supp.2d 617, 620-21 (W.D.Va.2006).

Plaintiff generally does not oppose defendant's motion to remand. Plaintiff only objects to the scope of defendant's motion to remand. Specifically, plaintiff argues that the ALJ not only failed to assess her past work as a bus driver, but also failed to: (1) perform a proper analysis of the medical opinions of the record; (2) properly analyze and assign weight to the opinions of plaintiff's treating providers; (3) provide

a narrative discussion of the rationale behind the residual functional capacity (RFC) conclusions; and (4) support the RFC finding with substantial evidence.

Defendant has not opposed plaintiff's request. Because, both parties contend that the ALJ did not consider all available evidence and failed to fully develop the record, this action should be remanded for consideration of the issues raised by plaintiff in addition to the assessment of her past work as substantial gainful activity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#19] to reverse and remand is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2011.